UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **CHRISTINE WINSOR**, an individual, Plaintiff, v. **THE LAW OFFICES OF BERMAN & BERMAN, P.A.**, a Florida corporation, and **10XLAW.COM FLORIDA, PLLC**, a Florida limited liability company, Defendants. | CIVIL ACTION<br><br>Case No.  8:25-cv-2814<br><br>Judge:<br><br>Mag. Judge: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, by and through undersigned counsel, and states the following for her Complaint:

**CAUSES OF ACTION**

1. This is an action for unpaid overtime compensation, unlawful misclassification, unpaid wages, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA").

**PARTIES**

2. Plaintiff Christine Winsor is an individual and resident of Florida who at all material times worked in Manatee County, Florida and at all times

1

had enterprise and individual coverage under the FLSA during her employment with Defendants. Plaintiff Winsor was employed by Defendants from November 18, 2024 through April 11, 2025, as a pre-suit paralegal. Plaintiff Winsor performed work for Defendants remotely from Bradenton, Florida, which is within the Middle District of Florida, during the events giving rise to this case. Plaintiff Winsor was an employee within the contemplation of 29 U.S.C. 203(e)(1).

3.      Defendants The Law Offices of Berman & Berman, P.A. and 10XLAW.COM Florida, PLLC constitute either joint employers or a single integrated enterprise under the FLSA. These two entities are highly integrated with respect to ownership and operations, as they share: (1) interrelated operations - both entities work together to provide legal services to personal injury clients under coordinated business models; (2) common management - the entities share common operational control, with Plaintiff being hired by Berman but immediately provided with 10X Law email credentials and client assignments; (3) centralized control of labor relations - all hiring, work assignments, compensation decisions, and employment policies for paralegals are made centrally across both entities by the same management team; and (4) common ownership and control - the entities operate as coordinated law firms serving the same client base. The entities have gross annual income well in excess of $500,000.00 per year and are engaged in interstate commerce. As

joint employers or a single integrated enterprise, Defendants are covered employers under the FLSA (29 U.S.C. §203(d), (r) and (s)) and collectively have the authority to hire, fire, assign work, withhold work and affect the terms and conditions of persons like Plaintiff. Defendants jointly supervised and controlled Plaintiff's work schedules and conditions of employment.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§216(b) and 217. The jurisdiction of this Court is invoked to secure the protection and redress of the deprivation of rights secured by the FLSA.

5. Venue is proper in the United States District Court for the Middle District of Florida because Plaintiff worked from, and Defendants conduct business in, and some or all of the events giving rise to Plaintiff's claims occurred in Florida, which is within the Middle District of Florida.

## GENERAL ALLEGATIONS

6. Defendants operate law firms providing personal injury legal services and employed Plaintiff as a pre-suit paralegal.

7. Plaintiff was paid at a salary rate of $75,000 per year and was misclassified as an exempt employee when in fact she was a non-exempt employee.

8. Plaintiff's job duties were of a strictly non-exempt nature, consisting of pre-suit paralegal duties.

9. From November 18, 2024 to April 11, 2025, Defendants misclassified Plaintiff as an exempt employee and paid her on a salary basis.

10. During that time, Plaintiff worked in excess of 40 hours per week, averaging approximately 55.5 hours per week without receiving overtime compensation she was lawfully entitled to under the FLSA.

11. Around March 2025, Defendants started using ADP timekeeping system where Plaintiff was only permitted to clock 40 hours. Despite working 55.5 hours weekly regularly, Plaintiff was only compensated for 40 hours.

12. Plaintiff expressed her objections to Defendants about the unpaid overtime and her working conditions after her termination via email to HR.

13. In response to Plaintiff's complaints about unpaid wages, Defendants told her that her claim was a "fraudulent claim" and constituted "blackmail."

14. Defendants terminated Plaintiff's employment on April 11, 2025.

15. Defendants have thus violated the FLSA by failing to pay overtime wages due to Plaintiff and violated the FLSA by retaliating against her after she engaged in statutorily protected activity.

## **COUNT I: FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA**

16. Plaintiff reincorporates and re-alleges paragraphs 1 through 15 as though set forth fully herein.

17. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e).

18. Defendants willfully misclassified Plaintiff as an exempt employee when she was actually a non-exempt employee subject to Defendants' control and direction.

19. Plaintiff regularly worked in excess of 40 hours per week, working approximately 55.5 hours per week, but was not paid overtime compensation at the rate of one and one-half times her regular rate of pay as required by 29 U.S.C. § 207(a).

20. Based on Defendants' control over Plaintiff's work and the actual hours worked, Plaintiff is entitled to substantial overtime compensation for all hours worked in excess of 40 per week during her period of employment at the overtime rate of one and one-half times her regular rate.

21. As a direct and proximate result of the foregoing, Plaintiff has been damaged and is entitled to unpaid overtime wages, liquidated damages, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendants as follows:

a. Award to Plaintiff payment of all unpaid overtime wages;

b. Award to Plaintiff liquidated damages equal to the unpaid overtime wages;

c. Award to Plaintiff reasonable attorneys' fees and costs; and

d. Award such other and further relief as this Court may deem just and proper.

## COUNT II: FLSA RETALIATION

22. Plaintiff incorporates by reference Paragraphs 1-15 of this Complaint as though fully set forth herein.

23. At all material times, Plaintiff was an employee and Defendants were her employers, and covered employers under the FLSA.

24. Plaintiff believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendants were violating the FLSA by not paying her overtime wages for hours worked in excess of 40 per week.

25. Defendants were aware of Plaintiff's objection to Defendants' violations of the FLSA through her communications to HR regarding unpaid overtime wages.

26. Defendants subjected Plaintiff to adverse treatment by characterizing her legitimate wage claims as "fraudulent" and "blackmail."

27. Defendants, in subjecting Plaintiff to adverse treatment, retaliated and discriminated against her because of complaints, objections and concerns raised by her regarding Defendants' FLSA violations.

28. As a direct and proximate result of engaging in statutorily protected conduct, Plaintiff has lost the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

29. As a direct and proximate result of engaging in statutorily protected conduct and as a direct and proximate result of the prohibited acts perpetrated against her, Plaintiff is entitled to all relief necessary to make her whole.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

  i. Back pay and all other benefits, perquisites and other compensation for employment which Plaintiff would have received, plus interest;

  ii. Liquidated damages;

  iii. Front pay, including raises, benefits, and other compensation;

  iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendants' actions;

  v. Reasonable attorney's fees plus costs;

  vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

                                            Respectfully submitted,

Dated: October 15, 2025  **/s/ Benjamin H. Yormak**
                                                Benjamin H. Yormak
                                                Florida Bar Number 71272
                                                Lead Counsel for Plaintiff
                                                Yormak Employment & Disability Law
                                                27200 Riverview Center Blvd., Suite 109
                                                Bonita Springs, Florida 34134
                                                Telephone: (239) 985-9691
                                                Fax: (239) 288-2534
                                                Email: byormak@yormaklaw.com